IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02607-MSK-MEH

PATRICK MCMAHON,
YVETTE MCMAHON, individually and as next friends of,
RILEY E. MCMAHON, a child,

      Plaintiffs,

vs.

ALFRED D. TAYLOR, and wife,
BARBARA J. TAYLOR,

      Defendants.

## RECOMMENDATION

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

This case was originally filed in state court in Texas. It was removed to the United States District Court for the Western District of Texas. Subsequently, the case was transferred to this District on December 23, 2005. Plaintiffs' counsel in this case, Peter N. Susca, is not admitted to practice in United States District Court, District of Colorado. He has been informed that he must be admitted to this District to continue this case on the following occasions:

1. The Clerk's Office informed Mr. Susca by letter on December 23, 2005, that he must be admitted to practice in this District. Mr. Susca did not respond.

2. The Clerk's Office sent a second letter on January 12, 2006, again informing Mr. Susca that he must be admitted in this District. He did not respond.

3. Chief Deputy Clerk Steve Ehrlich spoke with Mr. Susca by telephone on February 14, 2006, and asked him to complete the admission process for this District. He did not.

4. Supervisory Deputy Clerk Gail Shaw spoke with Mr. Susca by telephone on March 9, 2006, and again asked him to complete the admission process for this District. He did not.

5. Supervisory Deputy Clerk Gail Shaw yet again telephoned Mr. Susca on March 30,

        2006, but was only able to leave a message for him. He has not returned this call, nor has he filed the necessary paperwork to be admitted in this District.

Mr. Susca has also refused to cooperate with counsel for Defendants, despite repeated attempts by Defendants' counsel to contact him, in preparing the Scheduling Order for this case. As such, the proposed Scheduling Order received by the Court contained no input from Plaintiffs' counsel.

In addition, Mr. Susca failed to appear, either in person or by telephone, for the Scheduling Conference held in this case on April 6, 2006, at 9:30 a.m. The Court attempted to call Mr. Susca during the Scheduling Conference at 10:40 a.m. (San Antonio local time), and he was not in. The Court left a message for him to call chambers immediately, and he has not returned the call. Even prior to the Scheduling Conference, this Court's Courtroom Deputy, Cathy Coomes, telephoned Mr. Susca twice on April 4, 2006. The first time she spoke to an assistant. The second time she left a message and did not receive a call back. Ms. Coomes called Mr. Susca again on April 5, 2006 and was informed that Mr. Susca could not take her call because he was on another line. Later on April 5, 2006, Mr. Susca's receptionist (who is not employed by Mr. Susca but handles calls for several offices of attorneys) telephoned to request that the Scheduling Conference be moved to later in the morning on April 6, 2006. Ms. Coomes informed the receptionist that Mr. Susca would have to confer with defense counsel.

Due to Mr. Susca's repeated disregard for (1) the requests by the Clerk of the Court to complete the necessary steps to be admitted to this District; (2) the Local Rules of this District; and (3) the Order of this Court setting the Scheduling Conference in this case and the attempts by this Court to contact Mr. Susca, all resulting in Plaintiffs' utter failure to prosecute this case, the Court RECOMMENDS that United States District Judge Marcia Krieger issue an Order to Show Cause

why this case should not be dismissed for failure to prosecute or, in the alternative, why Mr. Susca should not be sanctioned for his conduct.

Dated at Denver, Colorado, this 6th day of April, 2006.

                        BY THE COURT:

                        s/ Michael E. Hegarty
                        Michael E. Hegarty
                        United States Magistrate Judge