IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02607-MSK-MEH

PATRICK MCMAHON,
YVETTE MCMAHON, individually and as next friends of,
RILEY E. MCMAHON, a child,

      Plaintiffs,

vs.

ALFRED D. TAYLOR, and wife,
BARBARA J. TAYLOR,

      Defendants.

## ORDER FOR SANCTIONS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court based on Plaintiff's counsel, Mr. Susca's, failure to respond to this Court's Order to Show Cause issued April 12, 2006 [Docket #19]. Mr. Susca was ordered to show why he should not be sanctioned for his failure to appear before this Court for the Scheduling Conference scheduled April 6, 2006, and his repeated disregard for the Local Rules of the District of Colorado and the Orders of this Court. Mr. Susca was ordered to respond to the Order to Show Cause no later than May 5, 2006. He filed no response.

This case was originally filed in state court in Texas. It was removed to the United States District Court for the Western District of Texas. Subsequently, the case was transferred to this District on December 23, 2005. Plaintiffs' counsel in this case, Peter N. Susca, is not admitted to practice in United States District Court, District of Colorado. He has been informed that he must be admitted to this District to continue this case on the following occasions:

    1.    The Clerk's Office informed Mr. Susca by letter on December 23, 2005, that he must be admitted to practice in this District. Mr. Susca did not respond.

      2.      The Clerk's Office sent a second letter on January12, 2006, again informing Mr. Susca that he must be admitted in this District.  He did not respond.

      3.      Chief Deputy Clerk Steve Ehrlich spoke with Mr. Susca by telephone on February 14, 2006, and asked him to complete the admission process for this District.  He did not.

      4.      Supervisory Deputy Clerk Gail Shaw spoke with Mr. Susca by telephone on March 9, 2006, and again asked him to complete the admission process for this District.  He did not.

      5.      Supervisory Deputy Clerk Gail Shaw yet again telephoned Mr. Susca on March 30, 2006, but was only able to leave a message for him.  He has not returned this call, nor has he filed the necessary paperwork to be admitted in this District.

Mr. Susca has also refused to cooperate with counsel for Defendants, despite repeated attempts by Defendants' counsel to contact him, in preparing the Scheduling Order for this case.  As such, the proposed Scheduling Order received by the Court contained no input from Plaintiffs' counsel.  Prior to the Scheduling Conference, this Court's Courtroom Deputy, Cathy Coomes, telephoned Mr. Susca twice on April 4, 2006.  The first time she spoke to an assistant.  The second time she left a message and did not receive a call back.  Ms. Coomes called Mr. Susca again on April 5, 2006 and was informed that Mr. Susca could not take her call because he was on another line.  Later on April 5, 2006, Mr. Susca's receptionist (who is not employed by Mr. Susca but handles calls for several offices of attorneys) telephoned to request that the Scheduling Conference be moved to later in the morning on April 6, 2006.  Ms. Coomes informed the receptionist that Mr. Susca would have to confer with defense counsel.

In addition, Mr. Susca failed to appear, either in person or by telephone, for the Scheduling Conference held in this case on April 6, 2006, at 9:30 a.m.  The Court attempted to call Mr. Susca during the Scheduling Conference at 10:40 a.m. (San Antonio local time), and he was not in.  The Court left a message for him to call chambers immediately, and he has not returned the call.  Mr.

Susca has failed to contact Chambers at any time. Mr. Susca's refusal to engage in the necessary actions to prosecute this case have prevented a scheduling order from being entered and, thus, have unnecessarily delayed this lawsuit.

The Court believes that an award of fees is appropriate in this case for the time Defendants' counsel spent preparing a Proposed Scheduling Order and for attending the Scheduling Conference at which Plaintiff's counsel failed to appear. In fact, the Minute Order setting the first Scheduling Conferences states that "failure to appear at a court-ordered conference . . . may result in the imposition of sanctions." [Dock. #8] Even so, an award of fees must be reasonable. *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). Accordingly, Defendant's counsel shall submit to the Court by affidavit the amount of hours spent in preparation and attendance at the Scheduling Conference and her reasonable hourly rate for these services no later than May 30, 2006.

Mr. Susca shall file any objection to these fees no later than June 5, 2006. If Mr. Susca does not timely object to the reasonableness of these fees, Mr. Susca shall submit payment to the Court for these fees no later than June 12, 2006.

Should Mr. Susca fail to object or submit payment by the required deadline, the Court will consider further sanctions and fines against Mr. Susca as may be necessary.

Dated at Denver, Colorado, this 23rd day of May, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge