IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02607-MSK-MEH

PATRICK MCMAHON,
YVETTE MCMAHON, individually and as next friends of,
RILEY E. MCMAHON, a child,

      Plaintiffs,
v.

ALFRED D. TAYLOR, and wife,
BARBARA J. TAYLOR,

      Defendants.

---

**RECOMMENDATION ON DEFENDANT'S
MOTION FOR DEFAULT JUDGMENT**

---

Before the Court is Defendant's Motion for Default Judgment [Docket #30].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation.  For the reasons set forth below, the Court recommends that the District Court **grant** Defendant's Motion and **dismiss** this case with prejudice for failure to prosecute.

**I.**    **Facts**

Plaintiffs instituted this action originally in state court in the State of Texas.  Defendants removed the case to federal court and then sought a transfer of venue to the District of Colorado, which was granted.  Plaintiffs are represented by counsel in this case, but are not represented by counsel who is licensed to practice in this District.  Plaintiffs' counsel, Peter Susca, has been repeatedly notified of this failure, and despite repeated assurances to this Court that he would apply for admittance, he has failed to do so.  *See* Order to Show Cause, Dock. #19 (incorporated herein by reference).  A Scheduling Conference was held in this matter on April 6, 2006, and Plaintiffs failed

to appear. The Scheduling Order set the discovery deadline as October 6, 2006. Plaintiffs also failed to provide any input into the Proposed Scheduling Order. Because of this failure, the Court ordered that Plaintiffs pay the reasonable attorney's fees of Defendants for attendance at the Scheduling Conference. Docket #25. Plaintiffs did pay the fees ordered on August 1, 2006. Docket #27.

On August 15, 2006, the Court held a Show Cause Hearing, at which Plaintiffs' counsel appeared by phone and assured the Court that he would immediately apply for admission to this District. He failed to apply as promised. On August 17, 2006, Defendants filed the instant motion alleging the following problems with the discovery process. Defendants state that thei filed their Initial Disclosures, as required by Rule 26(a)(1) on March 6, 2006. To date, they have received no disclosures from Plaintiffs. The deadline for designation of experts under Rule 26(a)(2) was August 1, 2006, and Plaintiffs provided no information to Defendants. In short, Plaintiffs have failed to provide any discovery to Defendants, nor seek any discovery, even though the discovery deadline is fast approaching. Due to a complete lack of information regarding Plaintiffs' claims, Defendants argue that they have been severely prejudiced by Plaintiffs' failure to prosecute their claims and seek default judgment. Plaintiffs did not respond to this motion.

**II.   Discussion**

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear at a scheduling or pretrial conference. *Id*. Rule 37(b)(2) permits the court to dismiss the action where a party fails to obey an order to provide or permit discovery. *Id*. Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order, as Defendant

has done here. Because of the extreme nature of the sanction of dismissal with prejudice, the Court must consider the following factors: (1) actual prejudice to the defendant, (2) the amount of interference with the judicial process; (3) the culpability of the Plaintiff, (4) whether the court warned Plaintiff that dismissal with prejudice was a potential sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Taylor v. Safeway, Inc.*, 116 Fed. Appx. 976, 977 (10th Cir. Dec. 1, 2004) (citations omitted). These factors guide the Court's analysis, but are not a rigid test that must be applied. *Ehrenhaus v. Reynolds*, 965 F.2d 261, 264 (10th Cir. 1993).

Analyzing these factors, the Court finds that dismissal is appropriate. First, Defendants have suffered severe prejudice. Defendants have not received Initial Disclosures and have had no opportunity to reasonably defend against Plaintiffs' claims. Second, Plaintiffs' failure to comply with a single deadline in this case greatly hinders the Court's ability to seek a just and speedy resolution of this matter. Just as plaintiffs have the right to seek relief from their alleged injuries, defendants also have the right to defendant against these claims in a timely manner. Third, Plaintiffs provide no justification for any of their repeated failures to comply with this Court's Orders and deadlines. In fact, Plaintiffs did not respond to this motion. Fourth, this Court has previously warned Plaintiffs that they risk dismissal because of their failures to comply. *See* Docket #17. Finally, lesser sanctions have had no effect on Plaintiffs. This Court previously ordered Plaintiffs to pay Defendants' reasonable attorney's fees in the amount of $1,395.00 that were incurred as a result of Plaintiffs' failure to participate in the Proposed Scheduling Order and failure to appear at the Scheduling Conference. Docket #25. Although Plaintiffs paid this amount, this sanction has made Plaintiffs no more willing to participate in this case. Plaintiffs' counsel assured the Court on August 15, 2006, that he would immediately seek admittance to this District, and he did not. Plaintiffs have provided Defendants with

no discovery, despite being reminded of this failure at the August 15, 2006, hearing. Plaintiffs did not even respond to this Motion for Default Judgement and thus provide no explanation for these failures. This Court, therefore, concludes that Plaintiffs have no intention of prosecuting this case and finds that dismissal with prejudice is appropriate.

### III.    Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendants' Motion for Default Judgment [Filed August 17, 2006; Docket #30] be **granted** and that this case be **dismissed with prejudice**. Lesser sanctions have made no impact on Plaintiffs' repeated failure to comply with the Orders of this Court. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 25th day of September, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).