IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02607-MSK-MEH

PATRICK MCMAHON and
YVETTE MCMAHON, Individually and as Next Friends of,
RILEY E. MCMAHON, a child,

      Plaintiffs,

v.

ALFRED D. TAYLOR and wife,
BARBARA J. TAYLOR,

      Defendants.

---

### ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE, DETERMINING THAT THE PLAINTIFFS APPEAR *PRO SE*, AND DIRECTING COMPLIANCE WITH FED. R. CIV. P. 26(a) & (f)

---

THIS MATTER comes before the Court on the Magistrate Judge's Recommendation **(#33)** on the Defendants' Motion for Default Judgment **(#30)**. The Magistrate Judge recommends that the Motion for Default Judgment be granted and that the Plaintiffs' claims be dismissed. No party has timely objected to the Recommendation. Having considered the Defendants' Motion and the Recommendation, the Court

**FINDS** and **CONCLUDES** that:

#### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

#### II. Issue Presented

The Defendants move for the entry of a default judgment against the Plaintiffs pursuant to

Fed. R. Civ. P. 55(b)(2). They contend that this is appropriate because: (1) the Plaintiffs' attorney, Peter Susca, is not admitted to practice in this District; and (2) they have not yet received the Plaintiffs' initial disclosures under Fed. R. Civ. P. 26(a)(1) & (2), causing them prejudice.

The Magistrate Judge recommends that the Defendants' Motion for Default Judgment be granted and that the Plaintiffs' claims be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f), 37(b)(2) and 41(b). The Magistrate Judge applies the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992),[1] and concludes that dismissal is appropriate because: (1) the Defendants have been prejudiced by the Plaintiffs' failure to provide discovery; (2) the Plaintiffs have failed to comply with all deadlines, hindering a just and speedy resolution of the case; (3) the Plaintiffs have repeatedly failed to comply with the Court's Orders without justification, including the requirement that Mr. Susca apply for admission to practice in this District; and (4) lesser sanctions have had no impact.

The issue presented is whether the Court should adopt this Recommendation and dismiss the Plaintiffs' claims, with prejudice.

### III. Standard of Review

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When no objections are filed, a district court may apply

---

[1] These factors are: (1) the prejudice to the Defendants; (2) the extent to which the Plaintiffs' conduct interfered with the judicial process; (3) the Plaintiffs' culpability; (4) whether the Court warned the Plaintiffs that dismissal was a possible sanction for their conduct; and (5) whether a lesser sanction would have any efficacy.

whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Here, no party has timely objected to the Recommendation. However, this case presents a wide variety of problems in performance of pretrial obligations which merit further exploration. Therefore, the Court elects to review the Recommendation *de novo*.

### IV. Procedural Background

The Plaintiffs commenced this action in Texas state court. The Defendants removed the action to the United States District Court for the Western District of Texas. The action was subsequently transferred to this Court pursuant to 28 U.S.C. § 1404(a) on December 23, 2005.

Shortly thereafter, the Court issued an Order **(#7)** referring this case to the Magistrate Judge. Such Order authorized the Magistrate Judge to convene a scheduling conference under Fed. R. Civ. P. 16(b), to enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, and to issue recommendations on specifically referred dispositive motions.

On January 6, 2006, Magistrate Judge O. Edward Schlatter issued a Minute Order **(#8)** setting a scheduling/planning conference for April 6, 2006 in accordance with Rule 16(b). This Order also directed out-of-state counsel to comply with D.C.COLO.LCivR 83.3(C)[2] prior to the scheduling/planning conference. This and all other Orders issued in the case were mailed to the Plaintiffs' attorney by conventional means rather than electronically because he is not registered to

---

[2] This rule provides:
    C.  Consent to Jurisdiction; Familiarity With Local Rules. An attorney who applies for admission to the bar of this court:
        1.   consents to this court's exercise of disciplinary jurisdiction over any alleged misconduct, and
        2.   certifies familiarity with the local rules of this court.

practice in this District and is not registered as a participant in Electronic Case Filing (ECF).[3]

In February 2006, the case was reassigned to Magistrate Judge Michael Hegarty. The scheduling/planning conference took place as scheduled, however, neither the Plaintiffs nor their counsel, Mr. Susca, appeared at the conference. The Magistrate Judge attempted to telephone Mr. Susca, but he was not in his office. Therefore, the hearing proceeded without him.[4] At the hearing, defense counsel submitted a proposed scheduling order.[5] Contrary to this Court's Local

---

[3] An out-of-state attorney may apply for admission to practice in this District in accordance with D.C.COLO.LCivR 83.3(A). This rule provides:
> An applicant for admission to the bar of this court must be a person of good moral character licensed by the highest court of a state, federal territory, or the District of Columbia where a written examination was required for admission and be a member of the bar in good standing in all courts and jurisdictions where he or she has been admitted. Each applicant for admission shall complete an approved form provided by the clerk. Each applicant shall pay to the clerk the fee prescribed by the court.

The 2-page application form is available on the Court's website and specifies an application fee of $160.00. Pursuant to the ECF Procedures for Civil Cases:
> An attorney who is a member in good standing of the bar of this court shall, before filing any pleading after June 20, 2005, register as a participant in ECF by completing the ECF Attorney Registration Form available on the court's web site and submitting it electronically to the clerk's office. After the registration is approved by the court, the clerk's office will send the attorney's ECF login to the attorney's email account.

Mr. Susca has submitted neither application. Because there is no record of the Plaintiffs' addresses, the Court assumes that the Orders were not served on them.

[4] The minutes from the hearing state, in pertinent part:
> The Court will await Mr. Susca's phone call and attempt to complete the Scheduling Order with him by telephone. If Mr. Susca does contact the Court today, the Court will conference Ms. Dagner in on the phone call. If Mr. Susca does not contact the Court today, an Order to Show Cause will issue, ordering counsel for Plaintiffs to show cause why the case should not be dismissed for lack of prosecution.

[5] No scheduling order has yet been issued. There is no explanation in the record as to why the scheduling order proposed by the Defendants was not issued.

Rules, Mr. Susca had not participated in preparation of the scheduling order.[6]

Approximately one week after the hearing, the Magistrate Judge issued an Order **(#19)** directing Mr. Susca to show cause why he should not be sanctioned for his failure to return or accept the Court's telephone calls, his refusal to cooperate with opposing counsel, and his failure to either seek admission to practice in this District or obtain counsel for the Plaintiffs who was so admitted. Mr. Susca failed to respond to this Order.

Subsequently, the Magistrate Judge issued two Orders **(#20, #26)** directing Mr. Susca to pay the attorney fees incurred by the Defendants' counsel in preparing the scheduling order and attending the Rule 16 hearing. These fees totaled $1,395.00. The latter Order **(#26)** also directed Mr. Susca to appear before the Court, in person, on August 17, 2006 at 10:00 a.m. for a hearing of an unspecified nature.

Mr. Susca paid the $1,395.00 sanction, as ordered. The August 17 hearing was reset to August 15. Mr. Susca appeared at that hearing by telephone. At that hearing, Mr. Susca assured the Magistrate Judge that he would immediately apply for admission to practice in this District. Defense counsel complained that they had not yet received the Plaintiffs' Fed. R. Civ. P. 26(a)(1)

---

[6] Pursuant to D.C.COLO.LCivR 16.2(A) and the Court's Instructions for Preparation of Scheduling Order (Appendix F):
> Five days before the scheduling conference (see Fed. R. Civ. P. 6 for all computations of time), counsel are to tender a proposed scheduling order which shall include the signatures of counsel and pro se parties and shall provide for approval by the court as specified on the attached form. Counsel and pro se parties should try, in good faith, to agree upon matters covered in the scheduling order. Any area of disagreement should be set forth with a brief statement concerning the basis for the disagreement. The parties should expect that the court will make modifications in the proposed scheduling order and will want to discuss all issues affecting management of the case.

disclosures.

Two days after the hearing, the Defendants filed the instant Motion for Default Judgment **(#30)** pursuant to Fed. R. Civ. P. 55(b)(2). It is not clear whether this motion was ever served upon the Plaintiffs, because the Defendants relied upon the Court to mail the motion to the Plaintiffs.[7] The Plaintiffs have not responded to this motion.

The Court referred the Motion for Default Judgment to the Magistrate Judge. It is his Recommendation with regard to this motion that is now at issue.

## IV. Analysis

The Magistrate Judge recommends dismissal of the Plaintiffs' claims because they failed to appear at the scheduling/planning conference and cooperate with opposing counsel in preparing a scheduling order, their attorney failed to apply for admission to practice in this District, and they failed to provide discovery as required by Fed. R. Civ. P. 26(a)(1) & (2) and to comply with court-imposed deadlines. The Court declines to adopt this recommendation because (1) it conflates all failures into a single, sanctionable event, when they are actually distinct problems requiring differing solutions, and (2) it applies the *Ehrenhaus* factors to determine the appropriate sanction without expressly finding whether the conduct is sanctionable and who should be sanctioned.

The Court begins with the Defendants' motion, which requests the entry of a default judgment under Fed. R. Civ. P. 55(b). First, the Court notes that this motion was not served on

---

[7] The certificate of service provides: "I hereby certify that a true copy of the foregoing DEFENDANTS' MOTION FOR DEFAULT JUDGMENT was electronically filed with the Clerk of the Court on August 17, 2006, using the CM/ECF system which will send the notification of such filing to the following:" It then refers to Mr. Susca and his mailing address. The electronic receipt states that notice of the motion will be delivered to the Plaintiffs' attorney "by other means."

the Plaintiffs through their counsel in accordance with ECF Procedure V.G.4.[8] Furthermore, it seeks a default judgment under Rule 55(b), which has no application here. Rule 55(b) allows the Court to enter a default judgment against a party which has failed to plead or otherwise defend in response to the claims asserted against such party, and against whom a default has already entered, which are not the circumstances presented here. Thus, the motion must be denied.

The Court then turns to the bases of the Magistrate Judge's Recommendation. In this analysis, the Court identifies three distinct issues with regard to the Plaintiffs' compliance with pretrial obligations. For each, the Court asks three questions: (1) is the conduct sanctionable? (2) if so, who should be sanctioned? and (3) what sanction is appropriate?

### A. Failure to Appear at a Rule 16 Conference

The Plaintiffs' and Mr. Susca's failure to appear at the scheduling/planning conference and to cooperate with opposing counsel in preparing a scheduling order is sanctionable under Fed. R. Civ. P. 16(f). This rule does not specify the universe of sanctions that can be imposed; it refers to the sanctions available under Rule 37(b)(2)(B), (C) and (D).[9] It also allows the Court to "require

---

[8] This procedure states:
> **Service on Parties Not Registered for ECF.** Filers are required to serve copies of any electronically filed pleading, document, or proposed order on parties not registered for ECF according to the Federal Rules of Civil Procedure. When serving paper copies of documents that have been electronically filed, the filer shall include a copy of the Notice of Electronic Filing to provide the recipient with proof of the filing.

[9] Rule 37(b)(2) provides in relevant part:
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

7

the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees[.]"  Here, the Magistrate Judge appropriately opted to impose a monetary sanction against Mr. Susca in the amount of the Defendants' attorney fees.  Therefore, this violation has been fully remedied.

### B. Failure of Mr. Susca to Obtain Authorization to Practice in this District

Mr. Susca has failed to apply for admission to practice in this District.  Pursuant to D.C.COLO.LCivR 83.3(A), Mr. Susca can easily make such application upon completion of a short application form and payment of the $160 fee.  Assuming he is "of good moral character and is licensed by the highest court of a state, federal territory, or the District of Columbia where a written examination was required for admission and be a member of the bar in good standing in all courts and jurisdictions where he or she has been admitted," there should be no obstacle to his admission.

Mr. Susca's inaction is a failure to perform his obligation to the Court.  Although it has frustrated the pretrial preparation in this case, his inaction is not sanctionable under Fed. R. Civ. P. 16 or 37.  This inaction is sanctionable, perhaps as a form of contempt of the Magistrate Judge's orders, or in exercise of the Court's inherent authority to impose sanctions, but the person to be sanctioned would be Mr. Susca, not his clients.

As to the Plaintiffs, the natural consequence of Mr. Susca's non-registration is that they are unrepresented.  *Pro se* parties are required to comply with all applicable obligations or deadlines.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  However, the

---

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination; . . .

Court cannot be sure that the Plaintiffs are aware of their responsibilities in this regard. The Plaintiffs are entitled to be notified of their *pro se* status in order to assume their responsibility or obtain other counsel. Unless Mr. Susca has notified them, this Order may be their first notification that Mr. Susca has not appropriately entered an appearance on their behalf.

### C. Discovery Violations

Turning to the discovery violations, imposition of any sanction, much less dismissal, is premature. Although the Plaintiffs have not complied with Rule 26(a), no sanction of dismissal has been requested by motion in accordance with Rule 37(a)(2). Failure to comply with Rule 26 is potentially sanctionable pursuant to Rule 37(c), but there is no finding as to who is responsible for failure to comply with Rule 26(a) or what sanction would be appropriate to assure compliance or to punish non-compliance. Furthermore, since this Order first notifies the Plaintiffs that they are proceeding *pro se*, it is appropriate to specifically require them to satisfy the requirements of Rule 26(a) before imposing sanctions against them.

**IT IS THEREFORE ORDERED** that for the foregoing reasons, the Court DENIES the Defendants' Motion for Default Judgment **(#30)** and **DECLINES** to adopt the Magistrate Judge's Recommendation **(#33)**.

**IT IS FURTHER ORDERED** that:

(1) Within 10 days of the date of this Order, attorney Peter Susca shall serve this Order on the Plaintiffs and file a certificate of service with the Court showing the current addresses of the Plaintiffs. Thereafter, the Clerk of Court shall serve all Orders on the Plaintiffs, by mail.

(2) Attorney Peter Susca is prohibited from filing any documents in this case or

appearing on the Plaintiffs' behalf until he files an entry of appearance certifying that he has been admitted to practice in this District.

(3) Until Mr. Susca files the above entry of appearance, the Plaintiffs are advised that they are representing themselves in this case and are responsible for fulfilling all obligations and deadlines imposed in this case.

(4) The Plaintiffs shall have 45 days from the date of this Order within which to comply with the provisions of Rule 26(a) and (f) of the Federal Rules of Civil Procedure, failing which sanctions may be imposed, which may include dismissal for failure to timely prosecute this case.

Dated this 19th day of October, 2006

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge